UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Amit Levitin<br>　　　　　Debtor<br><br>Address: 200 Paterson Plank Road #504, Apt 504, Union City, NJ 07087 | Case Number 17-11260-cgm<br><br>Chapter 13 |

Order Pursuant To 11 U.S.C. § 362(d)
Modifying The Automatic Stay Imposed By 11 U.S.C. § 362(A)

Upon the Motion, dated May 17, 2018 (the "Motion"), of BAC BANK OF NY (CWMBS2005-HYB1) (with any subsequent successor or assign, the "Creditor"), for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to the Creditor's interests in the property commonly known as 200 Paterson Plank Road #504, Apt 504, Union City, NJ 07087 (the "Property") to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and the Court having held a hearing (the "Hearing") on the Motion on May 17, 2018; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d) of the Bankruptcy Code as to the Creditor's interests in the Property to allow the Creditor's enforcement of its rights in, and remedies in and to, the Property; and it is further

ORDERED, that unless specifically provided in loan documents signed by the debtor, the Movant may not collect fees, expenses or other charges associated with a current or subsequent mortgage servicer.

ORDERED that the Creditor shall promptly report to the Trustee any surplus monies realized by any sale of the Property.

**ORDERED** that Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement. This Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a) (3). This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.



**Dated: October 26, 2018**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**